IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFERY GLADNEY,                  :

                             :

                 Petitioner,     :        CIVIL ACTION NO. 18-2966

                             :

     v.                         :

                             :

JAMEY P. LUTHER, Superintendent, and   :

THE ATTORNEY GENERAL OF THE     :

STATE OF PENNSYLVANIA, JOSH       :

SHAPIRO,                      :

                             :

               Respondents.    :

## ORDER

**AND NOW**, this 29th day of August, 2019, after considering (1) the petition for a writ of

habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Jeffery Gladney ("Gladney")

(Doc. No. 1), (2) the response to the habeas petition filed by the respondents (Doc. No. 17), the

report and recommendation filed by the Honorable Thomas J. Rueter (the "R&R") (Doc. No. 18),

Gladney's "Traverse for Habeas Corpus Relief" (Doc. No. 19), the state court record, the

supplemental report and recommendation filed by Judge Rueter (the "Supplemental R&R") (Doc.

No. 22), and Gladney's objections to the R&R and Supplemental R&R (Doc. No. 25), it is hereby

**ORDERED** as follows:

     1.     The clerk of court is **DIRECTED** to **REMOVE** this action from civil suspense and

**RETURN** it to the court's active docket;

     2.     Gladney's objections to the R&R and Supplemental R&R (Doc. No. 25) are

**OVERRULED**;[1]

     3.     The Honorable Thomas J. Rueter's R&R (Doc. No. 18) and Supplemental R&R

(Doc. No. 22) are **APPROVED** and **ADOPTED**;

4.      Gladney's petition for writ of habeas corpus (Doc. No. 1) is **DENIED**;

5.      Gladney has not made a substantial showing of the denial of a constitutional right

and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2);[2] and

6.      The clerk of court shall mark this case as **CLOSED**.


BY THE COURT:



/s/ *Edward G. Smith*_____
EDWARD G. SMITH, J.

---

[1] The court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

By way of background, Gladney filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on June 17, 2018, in the United States District Court for the Western District of Pennsylvania. Doc. No. 1. Gladney raised one claim in the petition: "The State Court violated petitioner's Sixth Amendment rights to a fair trial, by denying petitioner's motion for a mistrial, when the prosecutor made highly prejudicial comments in her closing argument to the jury." Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 6, Doc. No. 1.

The Western District transferred the matter to this court on July 13, 2018. Doc. No. 6. On August 3, 2018, the undersigned referred the matter to Judge Rueter for a report and recommendation. Doc. No. 9. The respondents filed a response in opposition to the habeas petition on January 7, 2019. Doc. No. 17. Judge Rueter then issued the R&R on February 11, 2019. Doc. No. 18.

In the R&R, Judge Rueter first indicated that the court should deny habeas relief insofar as Gladney failed to "elaborate on his [sole] claim, . . . provide any supporting facts that would identify the alleged prejudicial comments, or [identify] the manner in which the comments were prejudicial." R&R at 8. Nonetheless, Judge Rueter presumed that Gladney intended to raise the same arguments he raised in the state courts and went on to analyze those claims. *Id.*

Judge Rueter pointed out that while in the state court, Gladney appeared to only raise claims under Pennsylvania law. *Id.* Judge Rueter noted that it appeared that Gladney raised two claims of improper prosecutorial conduct: (1) "he asserted that 'the prosecutor improperly expressed her personal opinion that [petitioner] was guilty after she stated that [petitioner] had been "on the run" for two months,'" *id.* at 9 (alterations in original) (quoting *Commonwealth v. Gladney*, No. 413 EDA 2010, slip. op. at 3 (Pa. Super. Mar. 20, 2012) (quoting Gladney's appellate brief at 2)); and (2) he "asserted that 'the prosecutor committed misconduct by improperly 'vouching for the veracity of Ms. Anderson.'" *Id.* (quoting *Commonwealth v. Gladney*, No. 413 EDA 2010, slip. op. at 6 (quoting Gladney's appellate brief at 7)).

Regarding these claims, Judge Rueter explained that to the extent that Gladney was attempting to raise any claim under the Sixth Amendment, it appeared that he failed to exhaust such a claim because he only raised "a somewhat similar state law claim" in the state courts. *Id.* at 10 (citation omitted). Nevertheless, even after considering the merits of the claim, Judge Rueter found that it lacked merit because "[t]he prosecutor's single comment that petitioner was 'on the run for two months' was not so egregious that it fatally infected the proceedings and rendered the entire trial unfair." *Id.* at 11. Judge Rueter also determined that Gladney was not denied a fair trial as, *inter alia*, (1) the trial court provided a curative instruction to the jury after the closing statements in which the court instructed

the jury to disregard the prosecutor's statement about Gladney being on the run, and (2) there was significant evidence of his guilt. *Id.*

As for Gladney's second claim of prosecutorial misconduct, *i.e.* that the prosecutor improperly vouched for the credibility of a witness, Judge Rueter pointed out that the Superior Court determined that he had waived this issue under Pennsylvania Rule of Appellate Procedure 2119(c) by failing to indicate the objectionable statements in his brief or identify where they were in the notes of the trial testimony. *Id.* at 12. Judge Rueter explained that this Rule of Appellate Procedure is "an independent and adequate ground for the purposes of the procedural default doctrine." *Id.* Also, Judge Rueter noted that Gladney had not alleged to the contrary. *Id.* Judge Rueter concluded that this second claim is precluded, even though the Superior Court went on to address the issue and determine that the issue lacked merit. *Id.* at 12, n.3.

Three days after Judge Rueter filed the R&R, the clerk of court docketed Gladney's "Traverse for Habeas Corpus Relief," which appeared to be a reply brief in response to the respondents' opposition brief. Doc. No. 19. As with his habeas petition, Gladney phrased the issue raised in his habeas petition as a constitutional claim. *See* Pet'r's Traverse for Habeas Corpus Relief at 7 ("THE STATE COURT UNREASONABLY APPLIED THE LAW, WHEN IT DENIED PETITIONER'S MOTION FOR A MISTRIAL, BASED ON THE PROSECUTOR'S HIGHLY PREJUDICIAL REMARKS DURING CLOSING ARGUMENTS, THEREBY[] VIOLATING PETITIONER'S RIGHT TO A FAIR TRIAL **UNDER THE SIXTH AND FOURTEENTH AMENDMENTS**." (emphasis added)). Gladney then discussed the merits of his two arguments. *Id.* at 7–9. He then claimed that his claims were not procedurally defaulted because he raised his claims to the Supreme Court of Pennsylvania. *Id.* at 10. He also rejected the respondents' argument that he only partially preserved his claim, but asked that if the court agreed with the respondents, that the court consider those portions that were properly preserved. *Id.* at 11. Gladney went on to discuss cause and prejudice for procedural default purposes and appears to assert that the cause for the default was his direct appeal counsel's ineffectiveness when he did not include citations to the record or the relevant case law in the appellate brief to the Superior Court. *Id.* at 11–12.

After the court received notice of the filing of Gladney's reply brief, the court referred the matter again to Judge Rueter to have him address the claims raised in the submission. Doc. No. 21. Judge Rueter issued the Supplemental R&R on February 27, 2019. Doc. No. 22.

In the Supplemental R&R, Judge Rueter initially discussed the procedural history of the case and the prior R&R. Suppl. R&R at 1–3. Judge Rueter then explained that Gladney's reply brief was untimely as he filed it well outside of the 21-day period provided for the filing of reply briefs in Local Civil Rule 9.4(7), he did not seek an extension of time under Local Civil Rule 9.4(9), and the reply "does not address the issue of timeliness or offer any facts which would explain or justify the untimeliness of the [r]eply." *Id.* at 3–4. Although Judge Rueter indicated that the court should not consider the untimely reply, he considered the arguments raised in the brief and determined that "the issues raised therein would not impact the court's prior recommendation that the claim be denied." *Id.* at 4.

Judge Rueter acknowledged that the reply clarified Gladney's vague claims, but the arguments were the same that the court presumed he originally intended to raise. *Id.* Additionally, Gladney's reply did not establish that he had properly exhausted his first argument or that Rule 2119(c) was not an independent and adequate state law ground to preclude review of the second argument in support of habeas relief. *Id.* Moreover, to the extent that Gladney mentioned that his direct appellate counsel's inadequate assistance satisfied the cause and prejudice requirements to excuse a procedural default, Judge Rueter explained that (1) the reply acknowledges that Gladney did not frame the issue as an ineffective assistance of counsel claim, (2) he never exhausted the ineffective assistance of counsel claim in the state courts, and (3) he did not include any arguments that could support a finding of cause and prejudice concerning his failure to exhaust the ineffective assistance of counsel claim. *Id.* at 4, n.4. Accordingly, Judge Rueter again recommended that this court deny the petition and deny any request for a certificate of appealability. *Id.* at 5.

Gladney received an extension of time to file objections to the R&R and Supplemental R&R, and he timely filed objections that the clerk of court docketed on April 3, 2019. Doc. No. 25. Gladney raises two objections: First, he "vehemently objects" to Judge Rueter's finding that his claim was "'overly vague.'" Pet'r's Objs. to the Suppl. R&R at 1. Second, he "vehemently objects" to Judge Rueter's findings of procedural default. *Id.* After review of the entire record in this matter, neither of these objections warrants relief.

Concerning the first objection, Judge Rueter correctly noted that Gladney's issue (as stated in the text of the habeas petition) lacked specificity and was vague because it did not specify the particular prosecutorial misconduct which violated his rights. Nonetheless, Judge Rueter did not base his recommendations that this court deny the habeas petition due to this vagueness as he addressed the issues that he reasonably believed Gladney intended to raise by referencing his arguments before the Pennsylvania state courts. Gladney does not argue that Judge Rueter failed to properly identify the issues he raised to the state courts, except insofar as Judge Rueter did not find that Gladney included any constitutional claims there. At bottom, Judge Rueter did not err in identifying Gladney's sole issue as

stated in the habeas petition as vague and, even if it was an error, Gladney would not be entitled to relief because Judge Rueter analyzed the petition based on the claims Gladney raised to the state courts. Therefore, this objection is overruled.

Regarding the second objection, Judge Rueter properly determined that some of Gladney's claims were procedurally defaulted. Gladney never points to any document or text in the record showing that he raised a constitutional prosecutorial misconduct claim under either the Sixth or the Fourteenth Amendments and there is no indication in the record before this court that the Pennsylvania appellate courts interpreted his submissions as raising a federal constitutional claim. Additionally, with respect to Gladney's claim relating to the prosecutor's comment about him being on the run, Judge Rueter explained that even if Gladney had preserved a constitutional claim about this comment, the claim lacked merit because the comment "was not so egregious that it fatally infected the proceedings and rendered the entire trial unfair," R&R at 11 (citing *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)), the trial court gave a curative instruction that the jury should disregard this statement, and there is a presumption that the jury followed the trial court's instructions. *Id.* (citing *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) and *United States v. Gonzalez*, 905 F.3d 165, 169 (3d Cir. 2018)).

As for Gladney's claim that the prosecutor committed misconduct by impermissibly vouching for the credibility of a witness, Judge Rueter accurately noted that the Superior Court determined that Gladney waived this issue under Rule 2119(c) of the Pennsylvania Rules of Appellate Procedure. Judge Rueter explained that "[c]ourts in this district have found Pa. R. App. P. 2119(c) to be an independent and adequate ground for the purposes of the procedural default doctrine." *Id.* at 12 (citing *Davis v. McGinley*, 2018 WL 3596867, at *20 (E.D. Pa. Feb. 21. 2018) (collecting cases), *approved and adopted by*, 2018 WL 3585171 (E.D. Pa. July 25, 2018)). Judge Rueter pointed out that Gladney had the burden to show that this procedural rule is not independent and adequate, and Gladney failed to meet this burden. *Id.* Gladney has failed to articulate how Judge Rueter erred in finding procedural default here, and this court has no issue with Judge Rueter's analysis.

For a final note, Gladney does not explain how Judge Rueter erred in determining that he did not demonstrate cause and prejudice to excuse any procedural default through his passing reference to the ineffectiveness of his direct appeal counsel. Judge Rueter appropriately determined in the Supplemental R&R that Gladney has not demonstrated cause and prejudice here because he failed to (1) exhaust any ineffective assistance claim against his counsel because he did not file an appeal from the denial of his PCRA petition, and (2) establish cause and prejudice that would have excused him from exhausting his ineffective assistance of counsel claim. Therefore, to the extent that Gladney's objection extends to this argument as well, he is not entitled to any relief, and the court overrules the objection to Judge Rueter's procedural default determinations.

[2] Gladney has failed to "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880 (1983)).